IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua Hampton, #31575-160, | ) | C/A No.: 1:20-3896-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Ms. Barnes, Correctional | ) | ORDER AND NOTICE |
| Officer Mr. Knight, and Ms. | ) | |
| Fletcher, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Joshua Hampton ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] while incarcerated at Federal Correctional Institution-Bennettsville in the custody of the Bureau of Prisons ("BOP"). Plaintiff sues Warden Barnes, Correctional Officer Knight, and Ms. Fletcher ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

I.      Factual and Procedural Background

Plaintiff claims defendant Knight confiscated evidence needed for summary judgment in his case pending in the Middle District of Pennsylvania, *Hampton v. Jones*, C/A No. 1:19-751-JEJ-EBC ("*Hampton I*"). [ECF No. 1 at 5]. He further alleges defendants Barnes and Fletcher will not properly follow BOP policy regarding administrative remedies. *Id*. at 5–6.[2]

II.     Discussion

A.      Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

---

[2] Plaintiff also alleges his eyeglasses were taken, but he does not state who he believes took the glasses. *Id*. at 6.

2

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true,

to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### 1.    Access to the Courts

It is well-established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). This right does not extend to frivolous claims. *Lewis v. Casey*, 518 U.S. 343, 353 (1996) ("We think we envisioned, instead, that a new program would remain in place at least until some inmate could demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.").

To state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis*, 518 U.S. at 349 (holding an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); *Strickler*, 989 F.2d at 1384 (holding that a prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). "[T]he inmate . . . must . . . demonstrate that his efforts to pursue a legal claim were somehow thwarted by the alleged denial of access to the courts." *Id.* at 351 (internal quotation omitted). The inmate must make specific allegations as to the actual injury

4

sustained. *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (finding inmate must show an "unconstitutional burden on his right of access to the courts" resulting in "actual injury" to "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts") (quoting *Lewis*, 518 U.S. at 355). Conclusory allegations are insufficient. *Sewell v. Shearin*, C/A No. DKC-15-3040, 2016 WL 6525615, at *16 (D. Md. Nov. 2, 2016).

Here, Plaintiff alleges that his evidence related to summary judgment in *Hampton I* was destroyed, but he admits that *Hampton I* is still pending. A review of *Hampton I* reveals that Defendants' motion for summary judgment is still pending and Plaintiff has filed a response. Because Plaintiff has not shown an actual injury, he has failed to state a claim for a First Amendment claim of denial of access to the courts.

2.    Administrative Remedy Process

To the extent Plaintiff alleges Defendants failed to properly respond to his grievances, this claim is also subject to summary dismissal. A prisoner has no constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, 417 F. App'x 317, 319 (4th Cir. 2011); *Ashann–Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Accordingly, Defendants'

5

alleged failure to appropriately process or respond to Plaintiff's grievances does not state a cognizable constitutional claim.

<u>NOTICE CONCERNING AMENDMENT</u>

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by December 11, 2020, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

November 20, 2020                    Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge