# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Joshua T. Hampton, | ) | Civil Action No.: 1:20-cv-03896-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Order and Opinion** |
| | ) | |
| Warden Ms. Barnes, Correctional | ) | |
| Officer Mr. Knight, and Ms. Fletcher, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Correctional Officer Christopher Knight's ("Knight") Motion for Summary Judgment.[1] (ECF No. 27.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to the United States Magistrate Judge for pretrial handling. On August 18, 2021, the Magistrate Judge issued a Report and Recommendation ("Report"). (ECF No. 55.) Plaintiff Joshua T. Hampton ("Plaintiff") filed Objections to the Report.[2] (ECF No. 63.) For the reasons set forth below, the court **ACCEPTS** the Report (ECF No. 55), **GRANTS** Knight's Motion for Summary Judgment (ECF No. 27), and **DISMISSES** Plaintiff's *Bivens* claims with prejudice.

---

[1] Knight filed a motion to dismiss, or in the alternative, motion for summary judgment. The court considered matters outside of the pleadings, so the court will consider this as a motion for summary judgment. Fed. R. Civ. P. 12(d).

[2] In his Objections, Plaintiff requests that the court provide him with an attorney. (ECF No. 63 at 12.) The court denies this request. While "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), "there is no absolute right to appointment of counsel." *Hall v. Holsmith*, 340 F. App'x 944, 946 (4th Cir. 2009). The court has discretion over whether to appoint counsel and should only do so "where the case . . . presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

1

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action alleging a violation of his constitutional rights against Defendant Knight, Warden Barnes ("Barnes"), and Executive Assistant Fletcher ("Fletcher") (collectively "Defendants") while incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina ("FCI-Bennettsville"), which is a Bureau of Prisons ("BOP") facility. (ECF No. 11 at 2-3.)

Prior to arriving at FCI-Bennettsville, on January 2, 2020, BOP Health Services prescribed Plaintiff with eyeglasses for myopia and nearsightedness. (ECF No. 27-3 at 39-40, 78, 105-06.) On February 6, 2020, Plaintiff arrived at FCI-Bennettsville. (ECF No. 27-2 at 1.) On February 8, 2020, Knight observed Plaintiff wearing altered glasses: Plaintiff had removed the lenses from the original frame and made a "homemade" frame for them out of wood, wire, and glue. (ECF No. 27 at 3; ECF No. 27-1 at 2, ¶ 4.) Because the glasses were not authorized and considered contraband, Knight confiscated the glasses. (ECF No. 27-1 at 2, ¶¶ 4-5.) Knight informed Plaintiff that he could go to the Compound office where he would mail the glasses home in accordance with policy.[3] (*Id.* at ¶ 5.) Additionally, Knight informed Plaintiff to go to Health Services who could provide him with a new pair of authorized glasses. (*Id.*)

Two (2) days later, on February 10, 2020, Senior Officer A. Gaddy observed Plaintiff "running through the unit." (ECF No. 27-4 at 1.) "Shortly after" giving Plaintiff orders to stop running, Officer Gaddy observed Plaintiff collide with a wall and fall to the ground. (*Id.*) Officer

---

[3] After the glasses stayed in the Compound office for over a month, but Plaintiff never came to the office to send them home. (ECF No. 27-1 at ¶ 5.) While Plaintiff agrees that he never went to the Compound office to retrieve the glasses, he argues that the Compound office itself does not exist because it is not referenced in the FCI-Bennettsville Handbook and/or was not accessible. (*See* ECF No. 54 at 7.)

Gaddy noted Plaintiff's head was lacerated, so he called for a medical emergency and escorted Plaintiff from the unit. (*Id.*) The incident was caught on a closed-circuit video camera system.[4] (ECF No. 27-5 at 1.) Lieutenant J. Berg reviewed the video of the incident and wrote that "[t]he video showed Mr. Hampton running through the housing unit, weaving between tables in the common area of the unit. The video then shows Mr. Hampton run at full speed straight into a wall, striking it headfirst." (*Id.* at 1-2, ¶ 4.)

A registered nurse at BOP Health Services treated Plaintiff after the incident. (ECF No. 27-3 at 28.) In her clinical encounter, the nurse noted that Plaintiff had blood, lumps, and swelling on his head; his left tooth was knocked out; and half of his right front tooth was missing. (*Id.* at 29-30.) She also noted that Plaintiff was "very combative," and Plaintiff reported to the EMS that he had been "smoking something." (*Id.* at 30.) Plaintiff was transferred from BOP Health Services to McLeod Health Cheraw. (*Id.* at 122.) The emergency room doctor noted that Plaintiff's chief complaint was that he "smoked something and went crazy," ran into a wall, fell backwards, hit his head on the floor, and was missing his front tooth. (*Id.*) Further, the doctor noted that, "[p]atient was reportedly smoking an unknown substance when he became quite irrational [and] ran violently from guards headlong into a water heater[,] bounced off and fell backwards striking his head." (*Id.*) After returning to FCI-Bennettsville on February 11, 2020, Plaintiff was treated by other physicians and a dentist, but he did not mention his lack of eyeglasses in these appointments and instead admitted to being "high." (*See* ECF No. 27-8; ECF No. 27-3 at 87, 133.) On March 13, 2020, BOP Health Services issued Plaintiff a new pair of "black plastic framed glasses." (ECF No. 27-3 at 20.)

---

[4] Plaintiff does not dispute Knight's summary of the footage. The video itself was not retained after fourteen (14) days because the footage was not needed for criminal referral. (ECF No. 27-5 at 2, ¶ 5.)

On November 6, 2020, Plaintiff filed his initial complaint which alleges that Defendants improperly confiscated evidence needed for summary judgment in his case pending in the Middle District of Pennsylvania, *Hampton v. Jones*, C/A No. 1:19-751-JEJ-EBC ("*Hampton I*") and that Defendants denied Plaintiff access to the administrative process. (ECF No. 1 at 5-7.) On November 30, 2020, Plaintiff filed an amended complaint which made the same allegations as the initial complaint and added that because Knight took Plaintiff's glasses and denied him anti-depressive medication, he suffered a mental health break down which caused him to run into a water fountain causing a fracture of his upper jaw and loss of teeth. (ECF. No. 11 at 6.) Plaintiff brings his constitutional claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). (ECF No. 11 at 4.)

## II.     LEGAL STANDARD

### A. The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

**B. Review of *Pro Se* Filings under 28 U.S.C. § 1915**

Plaintiff brings this action under 28 U.S.C. § 1915, the *in forma pauperis* statute. As such, the court may dismiss this case if the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(ii). "This standard encompasses complaints that are either legally or factually baseless." *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996). As a *pro se* litigant, the plaintiff's pleadings, while accorded liberal construction and held to a less stringent standard than pleadings drafted by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), must nevertheless allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F2d 387, 391 (4th Cir. 1990). In other words, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Id.*

**C. Standard on Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. The non-moving party

must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.*

### III.     ANALYSIS

Plaintiff does not make any specific objections to the Report; instead, he restates the factual background of the case and reasserts the same arguments raised in previous motions. (*See* ECF No. 63.) For example, Plaintiff's objections include that his due process and Fifth Amendment rights were violated (*id.* at 3), that Knight deprived Plaintiff of his "needed" eyeglasses (*id.* at 4), and that Barnes denied Plaintiff an administrative remedy system (*id.* at 8). Merely reiterating the same arguments presented to a magistrate judge does not constitute a specific objection warranting de novo review. *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom. Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013). Because Plaintiff only made general and conclusory objections, the court reviews the Report for clear error only. The court finds that the Report provides an accurate summary of the issues and does not contain clear error.

#### A. Plaintiff's *Bivens* Claims Fail

The Report first considers Plaintiff's *Bivens* claims. (*See* ECF No. 55 at 11-20.) The Report found that Plaintiff failed to timely exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), which is a requirement prisoners must satisfy before bringing an action with respect to prison conditions. To satisfy the administrative exhaustion requirement, Plaintiff must avail himself of every level of available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). The Report noted that "[t]he BOP has a three-tiered formal administrative grievance process, although there is also an informal resolution process." *See* 28 C.F.R. § 542.10. (ECF No. 55 at 12.) While Plaintiff submitted evidence that he

submitted Informal Resolution Documentation Forms, (ECF No. 54-1), he failed to provide evidence that he utilized the formal administrative grievance process.

Aside from the failure to exhaust administrative remedies, Plaintiff's *Bivens* claims fail for additional reasons. First, Plaintiff's deliberate indifference claim fails because Plaintiff did not present sufficient evidence to support his claim of inadequate medical care. Plaintiff must show that Knight exhibited "deliberate indifference" to his "serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Not only did Plaintiff fail to provide evidence that removal of his eyeglasses constitutes a "serious medical need," but the record shows that Plaintiff's injuries were caused by his own actions of smoking an unknown substance and running. (ECF No. 55 at 17.) Even if removing the eyeglasses was a serious medical need, evidence does not support that Knight was deliberately indifferent. Instead, the record shows that Knight explained to Plaintiff how to receive a new pair of glasses. Additionally, Plaintiff briefly references other potential *Bivens* claims based on the First, Fifth, and Eighth Amendments, but Plaintiff attempts to bring these claims against parties who were never served in this case or concern aspects of the case that have been dismissed. (*See, e.g.*, ECF No. 54 at 12.) Thus, Knight's Motion for Summary Judgment as to Plaintiff's *Bivens* claims is granted.

**B. Knight Is Entitled to Qualified Immunity**

The Report found that Knight is entitled to qualified immunity. To resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Here, Plaintiff's allegations do not rise to the level of a constitutional violation, so Knight is entitled to qualified immunity.

**C. Plaintiff's Claims Against Knight in His Official Capacity are Dismissed**

The Report found that Plaintiff's actions against Knight are *Bivens* claims for monetary damages. However, a *Bivens* action will not lie against either federal agencies or officials in their official capacities. *See Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)). Therefore, Plaintiff's claims against Knight in his official capacity are dismissed.

## IV. CONCLUSION

After a thorough review of the record, the Report, the parties' arguments, and the applicable law, the court finds that the Report provides an accurate summary of the issues and does not contain clear error. Therefore, the court **ACCEPTS** the Report (ECF No. 55), **GRANTS** Knight's Motion for Summary Judgment (ECF No. 27), and **DISMISSES** Plaintiff's *Bivens* claims with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 24, 2022
Columbia, South Carolina