# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Joshua T. Hampton, | ) | Civil Action No.: 1:20-cv-03896-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Order and Opinion** |
| | ) | |
| Warden Ms. Barnes, Correctional | ) | |
| Officer Mr. Knight, and Ms. Fletcher, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Joshua Hampton ("Plaintiff") filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) alleging that his constitutional rights were violated during his confinement within the Bureau of Prisons ("BOP"). (ECF Nos. 1, 11.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to the United States Magistrate Judge for pretrial handling. On January 5, 2021, the Magistrate Judge issued a Report recommending the court dismiss Plaintiff's claim for denial of access to the courts and Plaintiff's claim for failure to follow BOP grievance policies. Plaintiff filed objections to the Report. (ECF No. 21.) For the reasons set forth below, the court **ACCEPTS** the Report (ECF No. 17), **DISMISSES** Plaintiff's denial of access and failure to follow policy claims, and **DISMISSES** Defendants Warden Barnes and Executive Assistant Fletcher from this action.

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action alleging Correctional Officer Knight ("Knight"), Warden Barnes ("Barnes"), and Executive

1

Assistant Fletcher ("Fletcher") (collectively "Defendants") violated his constitutional rights while he was incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina ("FCI-Bennettsville"). (ECF No. 11 at 2–3.)

On February 6, 2020, Plaintiff arrived at BOP's FCI-Bennettsville facility. (ECF No. 27-2 at 1.) On February 8, 2020, Knight observed Plaintiff wearing an altered pair of eyeglasses with a "homemade" frame made of wood, wire, and glue. (ECF No. 27 at 3; ECF No. 27-1 at 2 ¶ 4.) Because the glasses were not authorized, Knight confiscated the glasses as contraband. (ECF No. 27-1 at 2 ¶¶ 4–5.) Two (2) days later, on February 10, 2020, Senior Officer A. Gaddy observed Plaintiff "running through the unit." (ECF No. 27-4 at 1.) "Shortly after" giving Plaintiff orders to stop running, Officer Gaddy observed Plaintiff collide with a wall and fall to the ground. (*Id.*) Officer Gaddy noted Plaintiff's head was lacerated, so he called for a medical emergency and escorted Plaintiff from the unit. (*Id.*) The incident was caught on a closed-circuit video camera system.[1] (ECF No. 27-5 at 1.) Lieutenant J. Berg reviewed the video of the incident and wrote that "[t]he video showed Mr. Hampton running through the housing unit, weaving between tables in the common area of the unit. The video then shows Mr. Hampton run at full speed straight into a wall, striking it headfirst." (*Id.* at 1–2 ¶ 4.)

A registered nurse at BOP Health Services treated Plaintiff after the incident. (ECF No. 27-3 at 28.) In her clinical encounter, the nurse noted that Plaintiff was "very combative," and Plaintiff reported to emergency services that he had been "smoking something." (*Id.* at 30.) Plaintiff was transferred from BOP Health Services to McLeod Health Cheraw. (*Id.* at 122.) The emergency room doctor noted that Plaintiff's chief complaint was that he "smoked something and

---

[1] Plaintiff does not dispute Knight's summary of the footage. The video itself was not retained after fourteen (14) days because the footage was not needed for criminal referral. (ECF No. 27-5 at 2 ¶ 5.)

went crazy," ran into a wall, fell backwards, hit his head on the floor, and was missing his front tooth. (*Id.*) Further, the doctor noted that, the "[p]atient was reportedly smoking an unknown substance when he became quite irrational [and] ran violently from guards headlong into a water heater[,] bounced off and fell backwards striking his head." (*Id.*)

On November 6, 2020, Plaintiff filed his initial complaint which alleged that Defendants improperly confiscated evidence needed for summary judgment in his case pending in the Middle District of Pennsylvania, *Hampton v. Jones*, No. 1:19-751-JEJ-EBC ("*Hampton I*") thereby denying him access to the courts and that Defendants also denied Plaintiff access to the administrative process. (ECF No. 1 at 5–7.) On November 30, 2020, Plaintiff filed an amended complaint which made the same allegations as the initial complaint and added that because Knight took Plaintiff's glasses and denied him anti-depressive medication, he suffered a mental health breakdown which caused him to run into a water fountain and physically injure himself. (ECF No. 11 at 6.)

## II.     LEGAL STANDARD

A.     <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or

modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B.     Review of *Pro Se* Filings

Plaintiff brings this action under 28 U.S.C. § 1915, the *in forma pauperis* statute. As such, the court may dismiss this case if the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(ii). "This standard encompasses complaints that are either legally or factually baseless." *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996). As a *pro se* litigant, the plaintiff's pleadings, while accorded liberal construction and held to a less stringent standard than pleadings drafted by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), must nevertheless allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F2d 387, 391 (4th Cir. 1990). In other words, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Id.*

### III.     ANALYSIS

A.     The Magistrate Judge's Report

The Magistrate Judge first considered Plaintiff's denial of access to the courts claim. The Report noted that, although Plaintiff alleges that Defendants impeded his access to the courts by destroying evidence necessary to overcome summary judgment in *Hampton I*, he admitted that the motion was still pending at that time. (ECF No. 17 at 5.) The Magistrate Judge reviewed *Hampton I* and found that Defendants' motion for summary judgment was indeed pending. (*Id.*) As such, the Magistrate Judge found that Plaintiff had not shown an actual injury and had therefore failed to state a claim for denial of access to the courts. (*Id.*)

4

Next, the Report found that Defendants' alleged failure to appropriately process or respond to Plaintiff's grievances did not state a cognizable constitutional claim because there is no constitutional right to a grievance procedure. (ECF No. 17 at 6 (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, 417 F. App'x 317, 319 (4th Cir. 2011); *Ashann–Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.")).) Ultimately, the Magistrate Judge recommended that the court dismiss Plaintiff's claims for denial of access to the courts based on the alleged confiscation of evidence and for failure to follow policy.

B.     The Court's Review

The court notes that Plaintiff's objections appear to set forth his claims for denial of access to the courts and failure to follow grievance policies as one argument. Specifically, Plaintiff seems to assert that Defendants denied him access to the courts by failing to follow administrative procedures, thereby thwarting his ability to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA") prior to filing suit. As such, the court will review these claims and Plaintiff's objections together.

Plaintiff objects to the Magistrate Judge's finding that there is no constitutional requirement for the provision of administrative remedies. (ECF No. 21 at 3.) Plaintiff cites to *Ross v. Blake*, 578 U.S. 632 (2016) for the proposition that administrative remedies must be made available to prisoners. (ECF No. 21 at 3.) In *Ross v. Blake*, a Maryland inmate sued prison guards pursuant to 42 U.S.C. § 1983 for unlawful force and failure to take protective action. *Ross*, 578 U.S. at 636. One of the officers moved for summary judgment based on the inmate's failure to exhaust his administrative remedies, as required by the PLRA. *Id.* at 637. The United States

5

District Court for the District of Maryland granted the motion, the inmate appealed, and the United States Court of Appeals for the Fourth Circuit reversed. The United States Supreme Court granted certiorari. Upon review, the Supreme Court explained that the PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Id.* at 635 (citing 42 U.S.C. § 1997e(a)). The Supreme Court went on to "underscore that statute's built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Id.*

Plaintiff contends that *Ross* stands for the proposition that "administrative remedies must indeed be 'available' to the prisoner." (ECF No. 21 at 3.) However, Plaintiff misconstrues the Supreme Court's holding. In *Ross*, the Supreme Court concluded that for the PLRA to bar an inmate's claims for failure to exhaust administrative remedies, administrative remedies must actually be available to the inmate. The holding did not, as Plaintiff contends, impose a constitutional requirement regarding the provision of administrative remedies. Because the Magistrate Judge's recommendation was based on the absence of a constitutional right to a grievance procedure, not the failure to exhaust administrative remedies, the court overrules this objection as irrelevant.

Next, Plaintiff objects to the Report's finding that he failed to specifically allege an actual injury stemming from Defendants' supposed frustration of his access to the courts. The court notes that since the Report was entered, the *Hampton I* court granted summary judgment in favor of the defendant. Although the Magistrate Judge in this case based her recommendation in part on the pending summary judgment motion in *Hampton I*, the court agrees with the Magistrate Judge's overall finding that Plaintiff fails to state a claim for denial of access to the courts. As the Report correctly explained, to state a constitutional claim for denial of meaningful access to the courts, an

inmate must make specific allegations as to the actual injury sustained. *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997). Although Plaintiff has alleged that he suffered physical injuries,[2] he has not identified specific injuries caused by the purported denial of access to the courts in this case.

Plaintiff avers that Knight "destroyed personal property and thwart-ed [sic] summary judgement [sic] by his actions of deliberate indifference." (ECF No. 11 at 6.) However, Plaintiff must show that Defendants' conduct "frustrated or impeded" his efforts to pursue "a nonfrivolous legal claim." *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998). Plaintiff fails to make this showing. Plaintiff appears to argue that Defendants frustrated his ability to file his lawsuits by preventing him from engaging in the administrative process, which is a prerequisite to filing with the court. (ECF No. 11 at 16.) Specifically, Plaintiff contends that since there are four (4) steps to "get to court" and filing the "BP-9" is one of those steps, to knowingly not provide the form is "actual injury" because "it causes the officer to act []deliberate & indifferent to inmates['] legal ability to 'fulfill' all the step[s] to properly seeking relief from court." (ECF No. 21 at 7.) As the court stated above, Plaintiff has filed at least two (2) lawsuits in federal court. As such, Plaintiff cannot reasonably claim that he has been prevented from bringing his claims and therefore has not alleged an actual injury to support his denial of access claim.

Finally, the court concludes the remainder of Plaintiff's objections either restate arguments that were adequately addressed by the Report or are unspecific, irrelevant, or unmeritorious.[3] (*See*

---

[2] In the Amended Complaint, Plaintiff alleges that, because Knight confiscated his eyeglass, he suffered physical injuries such as "extreme headaches," and that he experienced a mental breakdown because he did not have his depression medicine thereby causing him to run into the water fountain and experience further physical injuries. (ECF No. 11 at 6.) Plaintiff fails to put forth a causal connect between any of these injuries and the purported denial of access to the courts.
[3] For example, Plaintiff discusses evidentiary issues regarding chain of custody and evidence related to "a true crime of 18 U.S.C. § 641 [e]mbezz[le]ment." (ECF No. 21 at 9.) Upon review

ECF No. 21.)   A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols v. Colvin*, 100 F. Supp. 3d 487, 498 (E.D. Va. 2015) (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief).  The court declines to hear Plaintiff's reused, ambiguous, or insubstantial contentions, *Orpiano*, 687 F.2d at 47, and finds the Report adequately addressed Plaintiff's objections and properly analyzes the relevant issues.  *See Fray v. Berryhill*, No. 6:16-CV-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result").  The court finds no clear error on the face of the record and adopts the Report herein.

## IV.     CONCLUSION

After a thorough review of the record, the Report, Plaintiff's arguments, and the applicable law, the court finds that the Report provides an accurate summary of the issues and does not contain clear error.  Therefore, the court **ACCEPTS** the Report (ECF No. 17), **DISMISSES** Plaintiff's claims for denial of access to the courts and failure to follow administrative policy, and **DISMISSES** Defendants Warden Barnes and Executive Assistant Fletcher from this action.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 19, 2022
Columbia, South Carolina

---

of Plaintiff's initial and amended complaints, the court cannot find any claims or arguments regarding his allegations of embezzlement or determine the purpose of this argument.  As such, the court dismisses this argument as irrelevant.